

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 3, 1963

Honorable Wayne Burns
County Attorney
Howard County
Big Springs, Texas

Opinion No. C- 190

Re: Whether a check depart-
ment established by the
sheriff and operated in
the manner outlined is a
legal or permissive opera-
tion.

Dear Sir:

Your request for an opinion from this department has
received our attention. We quote from your letter of
October 18, 1963, as follows:

"In Howard County there has been es-
tablished in the Sheriff's Office a depart-
ment known as the 'Check Department'. The
Check Department has employed two deputized
clerks to handle the procedure outlined below;
the salaries of the two clerks are paid from
county funds. The clerks are bonded since
they are required to handle money in their
duties. This department is supervised by
the Sheriff.

"This department deals with all question-
able checks called to their attention by the
merchants or payees of the checks. This neces-
sarily includes insufficient funds checks, un-
able to locate account, account closed, endorse-
ment cancelled, forgeries, etc., of all amounts.

"The department in instances where it is
deemed necessary, conducts an investigation in
order to determine the name and whereabouts of
a checkwriter. In certain cases where the in-
tent to defraud on the part of the checkwriter
is obvious, the check is immediately referred
to either the District or County Attorney for
filing of appropriate criminal charges.

"In a typical case the following procedure
is followed. The merchant of payee of a worth-
less check brings the check to the check depart-
ment for processing in the following manner.

-920-

First, the Check Department encourages the merchant or payee of the check to make some effort, insofar as it is possible, to notify or advise the checkwriter that the check was not paid.

"At the time the merchant brings in a check, it is inquired as to whether or not the check was a hold or post-dated one, and if so, the check is rejected by the department. If not a hold or post-dated check, the merchant is asked to sign an affidavit to that effect, a copy of which is enclosed. At this time, the merchant is asked whether he wishes the department to mail a notice to the checkwriter by certified mail with a return receipt and the merchant is advised that should it become necessary to file charges on the check that the notice must be sent by certified, not ordinary mail. The merchant then is required to pay the department postage necessary to send certified mail.

"The Check Department fills in some forms, copies attached, at the time the check is brought to the department. These forms consist of a reimbursement check (which is signed and mailed to the merchant should the check be paid later), a copy containing information about the check which is placed in a master file and filed numerically, containing all the check-writers kept in the department (should a case be filed, this form is left with the County or District Attorney for his files), and the next portion of the form is divided in two parts (one part is sent to the checkwriter as a notice and the other part is given to the merchant as a receipt for the check turned in) and the last form is one containing information about the check, or checks, which is filed with the actual check, alphabetically.

"Specifically, your opinion is desired as to whether or not a Check Department established by the Sheriff and operated in the manner outlined above is a legal or permissible operation."

We quote from your letter of November 8, 1963, as follows:

"At the inception of the check department, both of the department clerks mentioned in my request for this opinion were authorized and approved by the Commissioners Court. Further, the check department makes no charge whatsoever for checks that are collected, and the only money paid by the merchant is the amount necessary to send the notice to the check writer."

Article 380a of Vernon's Penal Code provides:

"Any Justice of the Peace, sheriff, constable or other peace officer in this State, who shall receive for collection or undertake the collection of any claim for debt for others except under and by virtue of the processes of law prescribing the duties of such officers, or who shall receive compensation therefor except as prescribed by law, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than Two Hundred Dollars nor more than Five Hundred Dollars, and in addition to such fine may be removed from office. Provided, however, that nothing herein shall be construed to prohibit any Justice of the Peace who is authorized by law to act for others in the collection of debts from undertaking such collections where the amount is beyond the jurisdiction of the Justice Court."

The case of Lombardino v. Fireman's and Policemen's Civil Service Commission of the City of San Antonio, 310 S. W.2d 651 (Tex.Civ.App. 1958, error ref. n.r.e.) involved an appeal from a judgment of the District Court affirming an order of the Firemen's and Policemen's Civil Service Commission, dismissing a city detective from the San Antonio Police Department, on the ground that he violated Rule 48 of the rules and regulations of the police department. Such rule provided:

"All officers shall obey all the laws of the United States, State of Texas, and ordinances of the City of San Antonio."

The Court stated that Article 380a of the Penal Code prohibits the collection of debts by any peace officer for compensation. The Court of Civil Appeals affirmed the judgment

of the lower court and held that the finding of the Commission that appellant violated Article 380a was supported by substantial evidence, notwithstanding the fact that appellant caused to be filed an assumed name certificate showing his wife as owner of the collection agency, which was operated under the trade name of "San Antonio Creditor's Association".

It is observed from your letter of November 8, 1963, that no compensation is being paid to the check department in the case before us; however, it should be noted that Article 380a not only prohibits the collection of claims for debts for compensation but also the collection of claims of debts for others except under and by virtue of the processes of law prescribing the duties of such officers. No enactment exists which prescribes as one of the duties of a sheriff, the collecting of such claims for debts.

We are therefore of the opinion that the procedure as set out in your letters of October 18, 1963, and November 8, 1963, is unauthorized.

## SUMMARY

In light of Article 380a of Vernon's Penal Code, it is our opinion that the sheriff is not authorized to conduct the debt collecting procedure as outlined above.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: James P. Briscoe
James P. Briscoe
Assistant Attorney General

JPB:cg:br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Allo B. Crow, Jr.
Robert Flowers
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone